**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-7114**

———————

JOHN MARVIN OVERMAN, JR.,

                                    Plaintiff - Appellant,

        versus

MARY STEVENS,

                                    Defendant - Appellee,

        and

JUANITA H. BAKER; THEODIS BECK,

                                    Defendants.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (CA-03-126-5-BO)

———————

Submitted:  November 30, 2004      Decided:  December 20, 2004

———————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John Marvin Overman, Jr., Appellant Pro Se.  Elizabeth F. Parsons,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Marvin Overman, Jr., appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint. Overman challenges certain facts contained in the file relied on by the North Carolina Parole Commission. The district court ruled against Overman on the ground that his complaint was time-barred. Claims under § 1983 arising in North Carolina have a three-year statute of limitations. Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). The cause of action accrues and the statute of limitations commences "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc). We conclude that Overman filed his complaint within three years of obtaining sufficient facts to provoke his reasonable inquiry, and the action is therefore timely filed.

However, we hold that judgment was properly entered in favor of Baker, Stevens, and Beck. The information in Overman's file that he contends was false was not relied on to a constitutionally significant degree. See Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979) ("We hold . . . that in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) that

- 2 -

the information is false, and (3) that it is relied on to a constitutionally significant degree.").

Therefore, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED